UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-21831-JAL

MICHAEL I. GOLDBERG, as
Receiver,

    Plaintiffs,

v.

RAYMOND JAMES FINANCIAL, INC.
d/b/a RAYMOND JAMES, RAYMOND
JAMES & ASSOCIATES, INC., ARIEL
QUIROS and JOEL BURSTEIN,

    Defendants.
_____/

## NOTICE REGARDING POTENTIAL RECUSAL AND REASSIGNMENT OF MAGISTRATE

Defendant Raymond James & Associates, Inc. ("Raymond James"), files this notice regarding potential recusal and reassignment of magistrate and states as follows:

1. On December 6, 2016, this Court entered an order referring the preliminary status conference, discovery disputes and certain pretrial motions to Magistrate Judge Jonathan Goodman. [D.E. 58]. Magistrate Judge Goodman has a standing policy of recusing himself in cases in which the undersigned counsel appears. For the reasons detailed below, should Magistrate Judge Goodman recuse himself in this action, as is expected, the court should consider referring all matters that had been referred to Magistrate Judge Goodman to Magistrate Judge O'Sullivan, the Magistrate Judge assigned to *Alexandre Daccache v. Raymond James & Associates, Inc., et al.,* 16-cv-21575-FAM (S.D. Fla.) (the "Daccache Class Action"), a related class action stemming from the Jay Peak case.

2. The Daccache Class Action involves the same common core of central facts — namely an alleged fraudulent scheme involving funds deposited in Raymond James accounts that were purportedly misused, commingled and stolen through the U.S. Citizenship and Immigrations Service's EB-5 Immigration Investor Program.

3. On August 17, 2016, the Honorable Federico J. Moreno referred all pretrial proceedings in the related Daccache Class Action to Magistrate Judge O'Sullivan. *See* Case No. 16-21575, D.E. 74, Order of Referral to Magistrate Judge O'Sullivan, attached hereto as **Exhibit "A."** Accordingly, Magistrate Judge O'Sullivan has had time to familiarize himself with the factual and legal issues in the Daccache Class Action, which are similar to those present here.

4. The Daccache Class Action and this action involve overlapping witnesses, exhibits, happenings, and events. Specifically, factual and legal issues are present in both cases regarding funds which allegedly originated from investors under the EB-5 Immigration Investor Program and which Ariel Quiros allegedly misused, commingled or misappropriated through partnership accounts at Raymond James. The Plaintiffs in the Daccache Class Action and the Receiver here take aim at most of the same Defendants (Quiros, Burstein and Raymond James) for damages arising from the same overall underlying conduct. Moreover, the Plaintiffs' litigation objectives are similar — to recover the allegedly misused funds from the Defendants.

5. In addition to being familiar with the issues, Magistrate Judge O'Sullivan has already handled numerous matters in the Daccache Class Action. Indeed, following a recent discovery conference in the Daccache Class Action, Magistrate Judge O'Sullivan entered an order contemplating and facilitating coordinated discovery amongst the related actions "to promote

efficiency and avoid duplicative discovery." *See* Case No. 16-cv-21575-FAM, D.E. 136, Order Following Discovery Conference, at ¶ 7, attached hereto as **Exhibit "B."** That order provides:

> Counsel from actions other than the *Daccache* action ("Other Counsel") shall be provided with notice of all depositions by the noticing party and invited by any *Daccache* Party's Counsel to attend depositions conducted in the *Daccache* action to promote efficiency and avoid duplicative discovery, and may be permitted to ask nonduplicative questions following questioning by the *Daccache* Party's Counsel; but the time of Other Counsel will not count against the time limitations of the *Daccache* Party's Counsel, and the availability or attendance of Other Counsel is not necessary for a deposition to go forward. Other Counsel shall be permitted up to a maximum of 2 hours for each separate action to ask non-duplicative questions in depositions not noticed by that party. Depositions may be noticed for 2 consecutive days, to allow sufficient time for counsel to ask non-duplicative questions, and for cross-examination by counsel for parties other than the noticing party.
>
> To the extent permitted by the courts in their cases, Other Counsel may use the depositions taken in the *Daccache* action. **The Parties have already agreed to such coordinated use in the *Daccache* action and the *Receiver's* action**, *Goldberg v. Raymond James & Associates, Inc. et al.*, No. 16-cv-21831-JAL (S.D. Fla.).

*Id*. at ¶¶ 7, 8 (emphasis added). Thus, as reflected by this Order, all parties to this action have agreed to coordinate discovery here with the Daccache discovery.

6. Magistrate Judge O'Sullivan also entered a protective order, coordinating the protection of discovery in the related actions. *See* Case No. 16-cv-21575-FAM, D.E. 106, Stipulated Confidentiality and Protective Order, attached hereto as **Exhibit "C."**

7. In the event of a recusal by Magistrate Judge Goodman, rather than proceeding before a different Magistrate Judge, it would be more efficient for this action to be referred to Magistrate Judge O'Sullivan so that the proceedings can be coordinated with the Daccache Class Action. This would avoid: (i) duplicative proceedings on the same issues; (ii) multiple or

3

inconsistent adjudications; (iii) duplicative discovery, including duplicative depositions; and (iv) excessive expense.

8. Judge O'Sullivan is already well-versed with the issues in this case. Accordingly, there is an overriding logic and rationale to referring the pretrial proceedings in the present case to Judge O'Sullivan, where the Court's familiarity with the parties and the issues will allow for the just, prompt and efficient resolution of the continuing dispute.

9. This suggestion of a referral to Magistrate Judge O'Sullivan upon any recusal by Magistrate Judge Goodman is made in the interests of judicial economy. If the referred matters are allowed to proceed before different Magistrate Judges, there will be a significant duplication of labor, resulting in a waste of the Courts' resources.

10. Counsel for Raymond James certifies that it has conferred in good faith with counsel for all of the parties. The Receiver, Quiros and Burstein all agree that should Magistrate Judge Goodman recuse himself from this action, the court should consider having Magistrate Judge O'Sullivan preside over all referred matters.

WHEREFORE, Raymond James respectfully requests that should Magistrate Judge Goodman recuse himself from this action, that this Court should consider reassigning the referred matters to Magistrate Judge O'Sullivan.

Dated: December 20, 2016

Respectfully submitted,

s/ *Stanley H. Wakshlag*
Stanley H. Wakshlag
E-mail: swakshlag@knpa.com
Deborah S. Corbishley
E-mail: dcorbishley@knpa.com
Ryan Zagare
E-mail: rzagare@knpa.com
Janelle M. Ans
E-mail: jans@knpa.com
Kenny Nachwalter, P.A.
Four Seasons Tower
Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone:   (305) 373-1000
Facsimile:   (305) 372-1861
*Counsel for Defendant, Raymond James & Associates, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this on December 20, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing documents are being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in the manner stated in the service list attached.

s/ *Stanley H. Wakshlag*
Stanley H. Wakshlag

5

**SERVICE LIST**
**US District Court, Southern District of Florida**
**Case No. 16-CV-21831-JAL**
*Michael I.Goldberg v. Raymond James Financial, Inc., et al.*

Jeffrey C. Schneider
jcs@lkllaw.com
Jason Kellogg
jk@lkllaw.com
Marcelo Diaz-Cortes
md@lklsg.com
Stephanie Reed Traband
srt@lklsg.com
Levine Kellogg Lehman Schneider Grossman, LLP
201 S. Biscayne Blvd., 22nd Floor
Miami, FL 33131
*Counsel for Plaintiffs*
**VIA CM/ECF**

Scott B. Cosgrove
scosgrove@leoncosgrove.com
James Robert Bryan
jbryan@leoncosgrove.com
León Cosgrove, LLC
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33133
C*ounsel for Defendant Ariel Quiros*
**VIA CM/ECF**

James D. Sallah
jds@sallahlaw.com
Jeffrey L. Cox
jlc@sallahlaw.com
Joshua A. Katz
jak@sallahlaw.com
Sallah Astarita & Cox, LLC
One Boca Place
2255 Glades Road
Suite 300 E
Boca Raton, FL 33431
*Counsel for Defendant Joel Burstein*
**VIA CM/ECF**

John S. Durrant
jsd@msk.com
Mitchell Silberberg & Knupp, LLP
11377 West Olympic Blvd.
Los Angeles, CA 90064-1683

David B. Gordon
dbg@msk.com
Mitchell Silberberg & Knupp, LLP
12 E. 49th Street
30th Floor
New York, NY 10017

*Counsel for Defendant Ariel Quiros*
**VIA CM/ECF**